UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:06-cr-0039-TWP-MJD |
| | ) | |
| MICHAEL DAVIS, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Tanya Walton Pratt, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on April 9, 2018 and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on October 24, 2018, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On October 24, 2018, defendant Michael Davis appeared in person with his appointed counsel, Loren Collins. The government appeared by Jeff Preston, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Tasha Taylor, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Davis of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Davis questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Davis and his counsel, who informed the court they had reviewed the Petition and that Mr. Davis understood the violations alleged. Mr. Davis waived further reading of the Petition.

3. The court advised Mr. Davis of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Davis was advised of the rights he would have at a preliminary hearing. Mr. Davis stated that he wished to waive his right to a preliminary hearing.

4. Mr. Davis stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition.

5. The court advised Mr. Davis of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Davis, by counsel, stipulated that he committed Violation Numbers 1, 2, and 3 set forth in the Petition as follows:

**Violation Number**     **Nature of Noncompliance**

1     **"The defendant shall not commit another federal, state, or local crime."**

On April 4, 2018, Mr. Davis was arrested in Marion County, Indiana, and was charged with Possession of Child Pornography, a felony offense. The charge is pending in the Marion County Superior Court under case number 49G02-1804-MC-011083.

According to the Probable Cause Affidavit, on March 6, 2018, a detective from the Indianapolis, Indiana, Metropolitan Police Department (IMPD) was provided a cellular telephone and other documentation belonging to the offender. The phone contained an image of child pornography. A search warrant was obtained for the device, and other images of child pornography were located. An investigation continued, and a second search warrant was obtained for the offender's person and any devices on his possession. On April 4, 2018, detectives from IMPD made contact with Mr. Davis. He was in possession of a second cell phone. A forensic triage search was conducted on the phone and images of child pornography were found, including pictures of prepubescent girls in various stages of undress with exposed genitalia.

2     **"The defendant shall not possess/use a computer unless he consents, at the direction of the probation officer, to having installed on his computer(s), any hardware or software systems to monitor his computer use. Monitoring will occur on a random and /or regular basis. The defendant shall advise the probation office of all computers available to him for use. Any computer the defendant is found to have used and has not disclosed shall be considered contraband and may be confiscated by the probation officer. The defendant will warn other occupants of the existence of the monitoring software placed on his computer(s) and will abide by the rules of the Computer Restriction and Monitoring Program of the probation officer."**

3     **"The defendant shall not possess any obscenity, pornography, erotica, or nude images. Any such material found in the defendant's possession shall be considered contraband and may be confiscated by the probation officer."**

On March 6, 2018, a cellular telephone was turned over to an IMPD detective by the offender's former landlord. The offender had been evicted from the residence and left behind property, including the telephone. The recovered phone was found to be an Internet capable device and had child pornographic images on it. A second Internet-enabled cellular telephone was found on his person on April 4, 2018, which also contained images of

      child pornography. Mr. Davis had not reported the possession of either device to the probation officer, and the phone were unmonitored.

 7. The Court placed Mr. Davis under oath and directly inquired of Mr. Davis whether he admitted violations 1, 2, and 3 of his supervised release set forth above. Mr. Davis admitted the violations as set forth above.

 8. The parties and the USPO further stipulated that:

  (a) The highest grade of Violation (Violation 2) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

  (b) Mr. Coleman's criminal history category is I.

  (c) The range of imprisonment applicable upon revocation of Mr. Coleman's supervised release, therefore, is 4 - 10 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

 9. The parties jointly recommended a sentence of seven (7) months with lifetime supervision to follow. The defendant's sentence is to be served consecutively to the state sentence received under 49G02-1804-MC-011083.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, MICHAEL K. DAVIS, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of seven (7) months with lifetime of supervised release to follow. The defendant's sentence is to be served consecutively to the state sentence received under 49G02-1804-MC-011083. In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

14. You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay: psychosexual treatment, polygraph testing, mental health treatment, and computer monitoring systems. The probation officer shall determine your ability to pay and any schedule of payment.

15. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

These conditions are recommended to assist the probation officer in supervising the offender in the community, and to ensure the safety of the community.

16. You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

This condition is recommended given Mr. Davis's prior diagnoses of schizophrenia, developmental articulation disorder, and schizotypal personality disorder.

17. All employment shall be approved in advance by the probation officer.

18. You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer.  Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.

19. You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.

20. You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in treatment programs or religious services with felons in such programs/services so long as the activity has been disclosed as described above.

21. You shall not enter or remain at a place for the primary purpose of observing or contacting children under the age of
18.

22. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data

contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

23. You shall not possess any child pornography or visual depictions of child erotica or nude minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.

24. You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer.

25. You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment.

These conditions are recommended given Mr. Davis's instant offense is for possessing child pornography. The conditions will help the probation officer to monitor the offender in the community, would be beneficial in his recovery, aid in his relapse prevention plan, and would help to hold him accountable.

Defendant Davis reviewed the foregoing conditions and they were reviewed by defendant with his attorney. Defendant, on the record, waived reading of the above-noted conditions of supervised release.

The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

The parties stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

7

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

The parties entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Davis's supervised release, imposing a sentence of imprisonment of seven (7) months with lifetime supervised release to follow. The defendant's sentence is to be served consecutively to the state sentence received under 49G02-1804-MC-011083.

The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: 11/9/2018

*[signature: Debra McVicker Lynch]*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system